**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SHAMON L. RICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA 19-0319-MU |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shamon L. Ricks brings this action, pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social

Security ("the Commissioner") denying his claim for Disability Insurance Benefits ("DIB")

and a period of disability under Title II of the Social Security Act ("the Act) and for

Supplemental Security Income ("SSI"), based on disability. The parties have consented

to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c),

for all proceedings in this Court. (Doc. 17 ("In accordance with the provisions of 28

U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United

States Magistrate Judge conduct any and all proceedings in this case, … order the

entry of a final judgment, and conduct all post-judgment proceedings.")). *See* Doc. 18.

Upon consideration of the administrative record, Ricks's brief, the Commissioner's brief,

and arguments made at the hearing conducted by the Court, it is determined that the Commissioner's decision denying benefits should be affirmed.[1]

## I.  PROCEDURAL HISTORY

Ricks applied for DIB, under Title II of the Act, 42 U.S.C. §§ 423 - 425, and for SSI, based on disability, under Title XVI of the Act, 42 U.S.C. §§ 1381-1383d, on June 29, 2015, alleging disability beginning on July 25, 2013. (Tr. 206-13; 214-19). His applications for DIB and SSI were denied at the initial level of administrative review on October 5, 2015. (Tr. 110-14). On October 29, 2015, Ricks requested a hearing by an Administrative Law Judge (ALJ). (Tr. 117-18). After hearings were held on April 17, 2017 and January 22, 2018 (Tr. 36-73), the ALJ issued an unfavorable decision finding that Ricks was not under a disability from the alleged date of onset, July 25, 2013, through the date of the decision, July 5, 2018. (Tr. 7-26). Ricks appealed the ALJ's decision to the Appeals Council, which denied his request for review on May 2, 2019. (Tr. 1-6).

After exhausting his administrative remedies, Ricks sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on October 2, 2019. (Docs. 12, 13). Both parties filed briefs setting forth their respective positions. (Docs. 15, 21). Oral argument was held on February 5, 2020. (Doc. 22).

---

[1] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 17. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

## II.  CLAIMS ON APPEAL

Ricks alleges that the ALJ's decision to deny him benefits is in error for two reasons: 1) the ALJ reversibly erred in finding that his uncontrolled diabetes mellitus and diabetic neuropathy are not severe impairments and 2) the ALJ reversibly erred in failing to reconcile his finding that an opinion offered by treating psychologist Ted Tribble, Psy. D., was entitled to "substantial" weight, yet not adopting Dr. Tribble's opinion that Ricks would have frequent deficiencies of concentration, persistence, or pace. (Doc. 15 at pp. 1-2).

## III. BACKGROUND FACTS

Ricks was born on November 21, 1975 and was 39 years old at the time he filed his claim for benefits. (Tr. 207, 214). Ricks initially alleged disability due to major depressive disorder, anxiety attacks, diabetes, hypertension, asthma, and sleep apnea. (Tr. 253). He reportedly stopped working on July 25, 2013 due to his conditions. (*Id*.). Ricks graduated from college and earned his MBA. (Tr. 59). He worked as a field service/project manager and in marketing and tech support at Global Tel Link from 2000 to 2013. (Tr. 42, 59). At the time of his first hearing on April 17, 2017, Ricks was a full-time online student working on his doctorate in business administration; however, at the time of the second hearing on January 22, 2018, he testified that he was having attendance problems. (Tr. 60, 46-47). He has a driver's license but drives as little as possible. (Tr. 61). He testified that he attends services at the Kingdom of Jehovah's Witnesses and a Bible study over the telephone.  (Tr. 61). Ricks alleged that he is unable to work due to uncontrolled diabetes, diabetic neuropathy, hypertension, depression, and anxiety.

## IV. ALJ'S DECISION

After conducting two hearings, the ALJ made a determination that Ricks had not been under a disability during the relevant time period, and thus, was not entitled to benefits. (Tr. 26). At step one of the five-step sequential evaluation, the ALJ found that Ricks had not engaged in SGA since July 25, 2013, the alleged onset date. (Tr. 12). Therefore, he proceeded to an evaluation of steps two and three. The ALJ found that Ricks had severe impairments of obesity, a depressive disorder, an anxiety disorder, a panic disorder, agoraphobia, a headache disorder, hypertension, cardiac hypokinesis, and Tietze's disease, but that considering all of his impairments individually and in combination, Ricks did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 12-16). After considering the entire record, the ALJ concluded that Ricks had the RFC to perform sedentary work, with some additional limitations: he could lift and/or carry ten pounds occasionally and items of negligible weight frequently; could stand and/or walk two hours, no more than 30 minutes at a time; could sit eight hours, no more than two hours at a time; could occasionally use the upper and lower extremities, bilaterally, to push and pull; could occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs; could not climb ladders, ropes, or scaffolds; could perform frequent reaching and handling, bilaterally; could perform continuous fingering and feeling, bilaterally; could tolerate occasional exposure to extreme heat and vibration; could not work around unprotected heights or dangerous machinery; could perform simple routine tasks involving no more than simple, short instructions and simple work-related decisions with few workplace changes; could have no interaction with the public, occasional and non-transactional

4

interaction with coworkers, and occasional interaction with supervisors; and could

sustain attention for two-hour periods with customary breaks. (Tr. 16-24). After setting

forth his RFC, the ALJ determined that Ricks was unable to perform any past relevant

work. (Tr. 24).  However, considering his age, education, work experience, and RFC,

the ALJ concluded that there were jobs that existed in significant numbers in the

national economy that Ricks could perform, and therefore, found that Ricks was not

disabled within the meaning of the Act. (Tr. 25-26).

## V. DISCUSSION

Eligibility for DIB and SSI benefits requires that the claimant be disabled. 42

U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if the claimant is unable

"to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairment must be severe, making the

claimant unable to do the claimant's previous work or any other substantial gainful

activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§

404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant

and productive physical or mental duties [that] [i]s done (or intended) for pay or profit."

20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in

determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not,
> whether the claimant has a severe impairment; (3) if so, whether the severe
> impairment meets or equals an impairment in the Listing of Impairment in the
> regulations; (4) if not, whether the claimant has the RFC to perform her past

relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Ricks v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted).  "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

As set forth above, Ricks has asserted two grounds in support of his argument

that the Commissioner's decision to deny him benefits is in error. The Court will address

Ricks's contentions in the order presented.

## A.   <u>**ALJ Erred by Finding Diabetes and Neuropathy Were Not Severe**</u>

Ricks contends that the ALJ erred in finding that his uncontrolled diabetes

mellitus and diabetic neuropathy were non-severe impairments. (Doc. 15 at p. 2). The

Court need not determine whether the ALJ correctly concluded that these impairments

were not severe under the circumstances presented here. As noted above, step two of

the sequential analysis requires the ALJ to determine whether the claimant has a

severe impairment or combination of impairments. *See Hearn v. Comm'r, Soc. Sec.*

*Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015); *Watkins,* 457 F. App'x at 870 (citing 20

C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips,* 357 F.3d at 1237). A

"finding of *any* severe impairment, whether or not it results from a single severe

impairment or a combination of impairments that together qualify as 'severe,' is enough

to satisfy step two." *Id*. (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987))

(emphasis added). "Based on [Eleventh Circuit] precedent and the regulations,

therefore, it is apparent that there is no need for an ALJ to identify every severe

impairment at step two." *Tuggerson-Brown v. Comm'r of Soc. Sec.,* 572 F. App'x 949,

951-52 (11th cir. 2014).  Here, the ALJ found that Ricks did have severe impairments

that limited him to sedentary work with additional limitations. (Tr. 16). Plaintiff has

offered no evidence and, therefore, failed to prove that his diabetes mellitus and

diabetic neuropathy have caused additional limitations on his ability to work. In his brief,

Ricks mentions that the neuropathy affects his ability to stand and walk; however, he

has failed to show that these affects were not taken into consideration in his RFC which limits him to sedentary work with additional limitations on standing and walking. In addition, at oral argument, Ricks argues that the RFC did not take into account numbness in his fingers. However, Ricks testified at the January 22, 2018 hearing that the neuropathy does not cause any difficulty at all with him using his hands. (Tr. 48). Accordingly, the Court finds that, even if the ALJ erred by finding that his diabetes and neuropathy were non-severe impairments at step two, any such error was harmless because the ALJ considered all impairments in formulating his RFC.

**B.  <u>ALJ Erred Regarding Evaluation of Dr. Tribble's Opinion</u>**

In his written submission and at oral argument, Ricks asserted that the ALJ erred in making the assessment that he was not disabled because he found that the opinion offered by treating psychologist Ted Tribble was entitled to "substantial" weight, yet he did not adopt Dr. Tribble's opinion that Ricks would have frequent deficiencies of concentration, persistence, or pace when formulating the RFC. (Doc. 15 at pp. 4-5). Therefore, Ricks contends that the ALJ's finding could not have been based on substantial evidence. The Commissioner, on the other hand, asserts that the ALJ considered all medical evidence, as well as other evidence concerning Ricks's daily activities and abilities, in formulating the RFC, that the RFC is supported by substantial evidence, and that the ALJ's conclusion that Ricks was not disabled was not in error. (Doc. 21 at pp. 9-14).

The basic question presented by Ricks is whether the ALJ's assessment of his medical condition in formulating his RFC was based on substantial evidence. "In assessing whether a claimant is disabled, an ALJ must consider the medical opinions in

a case record together with the rest of the relevant evidence received." *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 870 (11th Cir. 2016) (citing 20 C.F.R. § 404.1527(b)). In addition to the medical evidence, the ALJ is to consider the claimant's daily activities when evaluating the symptoms and severity of an impairment. *Id*. at 871 (citing 20 C.F.R. § 404.1529(c)(3)(i)). A thorough review of the ALJ's decision reveals that the ALJ in this case did take into consideration, not only medical opinion evidence, but the totality of the medical evidence, as well as Ricks's written and oral testimony. (Tr. 16-24). The ALJ here restricted Ricks, a college graduate with an MBA who was spending 60 hours per week during part of the relevant period working on his doctorate, to sedentary work with a litany of further restrictions that took into account not only his physical impairments, but his mental ones as well. In his decision, the ALJ included a thorough discussion of the medical evidence. (Tr. 15-22).

With regard to Dr. Tribble, the ALJ stated:

> Finally, the record contains several opinions from Dr. Tribble. Specifically, following the May 2014 comprehensive psychiatric examination, Dr. Tribble opined that the claimant's psychiatric condition caused him to be temporarily totally psychologically disabled through July 31, 2014; and he could not safely and effectively perform his regular work duties at the time. This finding is conclusory and inconsistent with the mild nature of the evidence at the time, which showed some depression with decreased concentration and memory, but an otherwise mild mental status. Furthermore, the opinion was temporary in nature and overly restrictive in light of subsequent evidence showing a significant improvement in the claimant's mental health through conservative treatment with psychiatric medications. Therefore, this opinion merits no substantial weight. (Exhibit 1F)

> Dr. Tribble also completed several work status reports between July 2014 - November 2015 indicating the claimant would remain off work through January 2016. (Exhibit 1F, 4F) These opinions are also conclusory in nature and unsupported by corresponding evidence, which showed an anxious, stressed, and depressed mood, but otherwise mild objective

findings. Specifically, Dr. Tribble typically noted cooperative behavior, logical and coherent thought processes, unremarkable thought content, average insight and judgment, sufficient attention, full orientation, and an adequate fund of knowledge. (Exhibit 1F) Therefore, these opinions also merit no substantial weight.

Finally, in February 2016, Dr. Tribble completed a medical source statement assessing moderate restriction of activities of daily living, moderate difficulty in maintaining social functioning, and frequent deficiencies in concentration, persistence or pace resulting in failure to complete tasks in a timely and appropriate manner. He also assessed one to two expected episodes of decompensation with moderate limitations in the ability to understand, remember, and carry out instructions, respond appropriately to customary work pressures, perform repetitive tasks, and complete work-related activities in a normal workday or workweek. (Exhibit 5F) This opinion is partially consistent with the treatment and examination evidence throughout the record, indicating no more than moderate limitations due to the claimant's mental impairments, which improved significantly through conservative treatment with medications without any exacerbations or significant deficits in mental status. Accordingly, this opinion merits substantial, but not significant weight.

Greater residual functional capacity limitations are not warranted based on the record as a whole, which showed generally mild findings on musculoskeletal, neurological, respiratory, cardiovascular, and psychiatric examination throughout the record. Furthermore, treatment remained generally sparse and conservative without any significant exacerbations or the need for invasive or prolonged inpatient treatment. Finally, the claimant's activities are inconsistent with the need for greater limitations. Specifically, as recently as 2017, the claimant reported walking 45 minutes four days a week for exercise. He also remained independent in his activities of daily living, with the ability to perform light chores, prepare simple meals, garden, and drive a car. He is also able to shop in stores and attend church, and reported getting along well with family and friends. Furthermore, he returned to graduate school in October 2015, and in May 2017, he reported to writing a dissertation for his Ph.D. in business. (Exhibit 1F, 2F, 3F, 9F,10F) Accordingly, the record as a whole supports the ability to perform a reduced range of unskilled sedentary level work as assessed herein.

(Tr. 23-24).

The relevant social security regulations provide that "medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [their] symptoms, diagnosis and prognosis, what [the

10

claimant] can still do despite impairment(s), and [the claimant's] physical or mental

restrictions." 20 C.F.R. § 404.1527(a)(1). [2] "When weighing each medical opinion, the ALJ

must consider whether the doctor has examined the claimant; the doctor's relationship with the

claimant; the medical evidence supporting the doctor's opinion; how consistent the doctor's

opinion is with the record as a whole; and the doctor's specialization." *Muniz v. Comm'r of

Soc. Sec.*, 716 F. App'x 917, 919 (11ᵗʰ Cir. 2017) (citing 20 C.F.R. § 416.927(c); *see also*

*Nichols v. Comm'r, Soc. Sec. Admin.*, No. 16-11334, 2017 WL 526038, at * 5 (11ᵗʰ Cir. Feb. 8,

2017) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)) (stating that "[i]n determining how much

weight to give a medical opinion, the ALJ considers such factors as the examining or treating

relationship, whether the opinion is well-supported, whether the opinion is consistent with the

record, and the doctor's specialization"). Based on its review of the ALJ's decision and the

record, the Court finds that the ALJ properly applied the appropriate standard in evaluating the

weight to be accorded to Dr. Tribble's opinion regarding Ricks's functional capacity. He

explained what portions of Dr. Tribble's opinions were supported by other evidence and which

were not consistent and further explained that is the reason why he gave the opinion

"substantial, but not significant weight."

A claimant's RFC is "an assessment of an individual's ability to do sustained

work-related physical and mental activities in a work setting on a regular and continuing

basis." SSR 96-8p, 1996 WL 374184, at *1. It is an "administrative assessment of the

extent to which an individual's medically determinable impairment(s), including any

related symptoms, such as pain, may cause physical or mental limitations or restrictions

---

[2] Because Ricks filed his claim for social security benefits prior to March 27, 2017, the applicable rules for evaluating medical opinion evidence are set forth in 20 C.F.R. § 404.1527. *See* 20 C.F.R. §§ 404.614, 404.1527.

that may affect his or her capacity to do work-related physical and mental activities."

SSR 96-8p, 1996 WL 374184, at *2. It represents **the most, not the least**, a claimant

can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL

374184, at *2 (emphasis added).  The RFC assessment is based on "all of the relevant

medical **and other evidence**." 20 C.F.R. § 404.1545(a)(3). In assessing a claimant's

RFC, the ALJ must consider only limitations and restrictions attributable to medically

determinable impairments, i.e., those that are demonstrable by objective medical

evidence. SSR 96-8p, 1996 WL 374184, at *2. It is well-settled that the ultimate

responsibility for determining a claimant's RFC, in light of the evidence presented, is

reserved to the ALJ, not to the claimant's physicians or other experts. *See* 20 C.F.R. §

404.1546. "[T]he ALJ will evaluate a [physician's] statement [concerning a claimant's

capabilities] in light of the other evidence presented and the ultimate determination of

disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.,* 223 F. App'x 915, 923

(11th Cir. 2007); *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960,

at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a

claimant's RFC"). So, although Dr. Tribble opined regarding Ricks's functional capacity,

the ultimate determination of a claimant's RFC is left to the ALJ.

"To find that an ALJ's RFC determination is supported by substantial evidence, it

must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial

record evidence 'to the legal conclusions reached.'" *Jones v. Colvin*, CA 14-00247-C,

2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-

cv-975-TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) (internal quotation

marks and citations omitted)). Based on the Court's review of the record and the ALJ's

decision, the Court finds that the ALJ did so here. It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. *See Chester*, 792 F.2d at 131. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. Having reviewed the ALJ's decision and the transcript and considered the arguments made by Ricks, the Court finds that the ALJ's determination that Ricks was not disabled is supported by substantial evidence and based on proper legal standards. *See, e.g., Lynn v. Comm'r of Soc. Sec.,* 791 F. App'x 888, 889 (11th Cir. 2020) (finding that substantial evidence supported ALJ's denial of benefits when portions of physician's opinion were disproportionate to objective findings, claimant received only conservative and routine treatment from general practitioners, and claimant had the ability to operate a motor vehicle, prepare meals, perform household chores, do laundry, and groom herself).

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **28th** day of **September, 2020**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**